

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-14-2003

# DelValle v. Ward

Precedential or Non-Precedential: Non-Precedential

Docket 00-2471

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"DelValle v. Ward" (2003). *2003 Decisions.* Paper 657.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/657

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 00-2471
_____


JOHN DEL VALLE

Appellant,

v.

WILLIAM WARD, Chairperson PA Board of Probation and Parole;
MICHAEL FISHER, Attorney General of the State of Pennsylvania


_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

(D.C. Civil No. 99-cv-01720)
District Judge:  The Honorable Malcolm Muir
_____


Submitted Under Third Circuit LAR 34.1(a)
December 16, 2002

BEFORE: NYGAARD, ALITO, and McKEE, Circuit Judges.


(Filed:  April 14, 2003)


_____


OPINION OF THE COURT
_____

NYGAARD, <u>Circuit</u> <u>Judge</u>.

The District Court denied Appellant Del Valle's amended petition for writ of habeas corpus. The issue before us is whether the trial court erred by excluding defense-proffered evidence of involuntary intoxication.[1] We conclude that it did not and will affirm.

The history of this case is well known to counsel, the parties, and the Court. Inasmuch as we are writing only for the parties herein, we will recapitulate neither the extensive facts nor the procedure that preceded the conviction and sentencing therein.

It is sufficient to note that this matter was initially assigned to Magistrate Judge Blewitt, who recommended that the petition for writ of habeas corpus be denied. Appellant objected to the report of the Magistrate Judge. The District Judge made *de novo* review of all of those portions of the report to which there were objections. Appellant had raised the same issues in a motion for post-conviction relief in state court, which was denied by the trial court and affirmed by the Pennsylvania Superior Court. The Pennsylvania Supreme Court denied allocatur.

---

1.　Petitioner's brief actually states two issues for review. They are, verbatim:

> 1. Is not the issue presented for this court's review properly before this court, having been timely raised and adjudicated on the merits in the state court?

> 2. Did not the trial court violate Del Valle's right to due process by excluding evidence of involuntary intoxication, which evidence would have negated any criminal intent, an essential element of the offenses charged?

2

Both the Magistrate Judge and the District Court thoroughly reviewed and discussed Appellant's argument that counsel was ineffective for failing to pursue an insanity defense based upon involuntary intoxication. The District Court concluded that neither the facts of record, nor the law, demonstrated that trial counsel's performance was deficient in any way. We agree. Moreover, the Supreme Court has held that there is no Due Process right to assert an insanity defense in a criminal prosecution. *See Medina v. California*, 505 U.S. 437, 449 (1992). Therefore, there is similarly no clearly established federal right to present an insanity defense here based on the effects of prescription drugs on the Appellant.

The record fully supports the multiple conclusions of the state court, of the Magistrate Judge, and finally of the District Court. We will affirm.